RHINE, *Petitioner,*

*v.*

OREGON RACING COMMISSION, *Respondent.*

(No. CA 12829)

596 P2d 576

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

■ Petitioner sought a declaratory ruling from the Oregon Racing Commission pursuant to ORS 183.410, that he, as a licensee, could hold greyhound and horse race meets at the Oregon State Fair racetrack. The Commission ruled that a license could not be issued for more than one class of racing at the Oregon State Fair. This ruling was based on ORS 462.040(1). Resolution of the issue requires construction of three interrelated statutes.

ORS 462.040 provides in relevant part:

"(1) Race meet licenses granted by the commission shall be limited to:

"(a) Licenses for horse race meets (class A).

"(b) Licenses for greyhound race meets (class B).

"(2) No licensee shall be granted licenses of both classes nor shall licenses be issued for more than one class of racing on the same race course, track or location. *This subsection does not apply to licensees subject to ORS 462.057.*

"* * * * *." (Emphasis added.)

The central issue is whether a licensee for races at the Oregon State Fair is "subject to" ORS 462.057.

ORS 462.125 provides in part:

"* * * * *

"(4) Each licensee *designated in* ORS 462.057 may be granted up to 10 days of racing to be held within the county in which the licensee holds its fair or show.

"(5) The Oregon State Fair may be granted up to 30 days of racing to be held at the state fairgrounds commencing with the first day of its annual State Fair and Exposition. Such racing shall be sponsored by the Oregon State Fair and the net licensee income of the meet shall be used only for Oregon State Fair programs or capital improvements. The commission shall schedule days of racing for the Oregon State Fair in such manner as to avoid conflict with other race meets previously licensed under ORS 462.057.

[653]

> *The Oregon State Fair shall make payments as*
> *specified in subsection (1) of ORS 462.057.*
> "* * * * *." (Emphasis added.)

ORS 462.057 sets forth in subsection (1) the schedule of payments certain licensees must make in terms of fees and percentages of the gross mutual wagering receipts. Subsection (2) states:

> "Licensees subject to the provisions of this section are:
>
> "(a) The Pendleton Roundup.
>
> "(b) The Eastern Oregon Livestock Fair.
>
> "(c) The Pacific International Livestock Exposition.
>
> "(d) Any county fair.
>
> "(e) All other nonprofit, fair-type associations which conducted a licensed race meet in 1968 and 1969."[1]

The Attorney General, in an opinion which was adopted by the Commission as the basis of its declaratory ruling, interpreted the statute to mean that the Oregon State Fair was only required to make payments as specified in ORS 462.057 but was not otherwise subject to its terms because it was not specifically named in subsection (2) as being "subject to" the provisions of ORS 462.057(1). 38 Op Att'y Gen 2173 (Or 1978). The essence of the Attorney General's opinion, and hence the opinion of the Commission, is that the term "subject to" in ORS 462.040 is a term of art referring specifically to that term in 462.057(2), *i.e.,* that the named licensees are "subject to" the fee and payment provisions of subsection (1). Since the State Fair is not listed in ORS 462.057(2), as subject to

---

[1] The language of ORS 462.057(2)(e) "[a]ll other nonprofit, fair-type associations" does not include the State Fair. That subsection as originally adopted in Oregon Laws 1969, ch 356 § 6(2) provided:

> "Licensees subject to the provisions of this section are: *The Oregon State Fair,* the Pendleton Roundup, the Eastern Oregon Livestock Fair, any county fair, and all other nonprofit, fair-type associations conducting a licensed race meet in 1968 and 1969." (Emphasis added.)

The State Fair was separately named and was thus not included in the general descriptive phrase of the statute.

that section, it is not included in the term "subject to" in ORS 462.040. Although this argument has appealing logic we arrive at a contrary interpretation of the statute.

Prior to 1973, the State Fair was specifically listed in ORS 462.057(2), and like the other licensees set forth in that subsection, was subject to a maximum of 10 days of racing. ORS 462.125(4). In 1973 the legislature determined that the Oregon State Fair should be allowed 30 days of racing. To accomplish the plan the legislature amended ORS 462.057(2) by deleting the Oregon State Fair, and ORS 462.125 was amended by adding the present subsection 5, which granted the State Fair 30 days of racing, but required it to pay the fees specified in ORS 462.057(1). In this manner, the licensees "designated in" ORS 462.057(2) continued to operate under a 10 day maximum. ORS 462.125(4). Thus, when the legislature intended to specify a particular class of licensee for the purposes of limiting the days of racing, it used the term "designated in ORS 462.057." Had the legislature intended the term "subject to" to be a particular form of designation it presumably would have used that term in ORS 462.125(4).

In 1975 ORS 462.040(2) was amended to its present form to restrict licensees to one class of racing, with the limited exception being for "licensees subject to ORS 462.057." Had the legislature intended this exception to apply to only the licensees specifically listed in ORS 462.057(2) it presumably would have used the term "designated in ORS 462.057" as was done in ORS 462.125(4).

■ A licensee is subject to a statute if it is governed by the statute. ORS 462.057(1) describes the payments a licensee is required to make. It provides a formula for calculating fees and payments and specifies the distribution of the payments and nothing more. Although the State Fair is not specifically named in subsection (2) it is required to follow the dictates of subsection (1)

[655]

and is therefore governed by and subject to ORS 462.057.

This conclusion is further supported by a reading of other sections of chapter 462. ORS 462.062 provides:

> "All licensees of race meets for horses, except those *subject to ORS 462.057,* shall make payments as follows:
>
> "* * * * *." (Emphasis added.)

ORS 462.067 provides in part:

> "All licensees of race meets except those *subject to ORS 462.057 and 462.062* shall make payments as follows:
>
> "* * * * *." (Emphasis added.)

The same term, "subject to," is used in all three fee payment sections. Since the State Fair makes payments under ORS 462.057(1) it is not subject to either

ORS 462.062 or 462.067 and therefore, under the common usage of the term in chapter 462, is "subject to" ORS 462.057.

██ ██  Declaratory rulings of an agency are reviewable in this court in the same manner as an order in a contested case. ORS 183.410. We may reverse a declaratory ruling if we find it is contrary to law. ORS 183.482(8)(a). The ruling being based on erroneous interpretation of the statute, ORS 462.040, is contrary to law and we reverse.

Reversed and remanded.